10-4632-cr
United States v. Nasraty

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand eleven.

PRESENT: JOSEPH M. McLAUGHLIN,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

---

UNITED STATES,

*Appellee,*

v.                                                       No. 10-4632-cr

ABDUL RAHIM NASRATY,

*Defendant-Appellant,*

CHARLES B. STONE,

*Defendant.*[*]

---

APPEARING FOR APPELLANT:        HOWARD L. JACOBS, Esq., New York, New York.

---

[*] The Clerk of the Court is directed to amend the official caption to read as shown above.

APPEARING FOR APPELLEE:     LICHA M. NYIENDO, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 12, 2010, is AFFIRMED.

Defendant Abdul Rahim Nasraty appeals from a judgment sentencing him to 48 months' imprisonment for conspiracy to distribute and possess with intent to distribute one or more kilograms of heroin.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  Nasraty argues that his sentence is unreasonable because the district court misidentified or overemphasized unfavorable factors over favorable factors, specifically, those prompting the government's departure motion under U.S.S.G. § 5K1.1.  We review the challenged sentence "under a 'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).  We assume familiarity with the underlying facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court made no procedural error in sentencing Nasraty.  It correctly calculated Nasraty's Guidelines range, as Nasraty concedes; acknowledged that the Guidelines are advisory; heard the parties as to the sentence warranted by 18 U.S.C. §

3553(a); and made no clearly erroneous findings of fact. See United States v. Cavera, 550 F.3d at 190 (describing procedural error as including when district court "fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory, . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact"). Insofar as Nasraty complains that the district court referenced crimes such as murder and robbery, the record clearly shows that it was not ascribing such crimes to Nasraty, but was only explaining why it was not persuaded by his "everyone does it" argument to defend his own charged and uncharged conduct. Nor do we identify any procedural error in the extent of the district court's § 5K1.1 departure. See United States v. Moe, 65 F.3d 245, 251 (2d Cir. 1995) (holding departure review limited to whether "departure was made in violation of the law or as a result of a misapplication of the Guidelines"); see also United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006) (holding that when defendant challenges procedural or substantive reasonableness of his sentence, "he effectively claims that the sentence, whether a Guidelines sentence or a non-Guidelines sentence, was 'imposed in violation of law'" under 18 U.S.C. § 3742(a)); United States v. Kane, 452 F.3d 140, 144 (2d Cir. 2006) (reaffirming this aspect of Fernandez in challenge to procedural and substantive reasonableness of below-Guidelines sentence).

In the absence of any procedural error, our review here is limited to substantive unreasonableness, which we will not identify except in "exceptional cases" where a district court's sentence "cannot be located within the range of permissible decisions." United States

3

v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). That is not this case. Nasraty was subject to a 10-year mandatory minimum and a 70 to 87 months Guidelines range. In sentencing Nasraty to 48 months' incarceration, the district court considered the substantial assistance he had given to the government. At the same time, however, the district court considered less favorable facts falling well within 18 U.S.C. § 3553(a), such as Nasraty's under-reporting of income to the IRS before and after his arrest, indicative of both tax and Medicaid fraud; his failure to remedy that conduct; and his failure truthfully to disclose his criminal and substance abuse history to prosecutors and probation officers. To the extent the district court questioned whether Nasraty was still minimizing his income, that concern is sufficiently grounded in both Nasraty's past deceit and the cash nature of his earnings to preclude our identifying abuse. In any event, the record shows that the concern informed only the district court's decision as to the extent of sentencing mitigation warranted. The district court did not use the income concern as a ground to aggravate Nasraty's sentence. In sum, although Nasraty disagrees with the significance the district court placed on relevant sentencing factors, we conclude that they "can bear the weight assigned [them] under the totality of the circumstances in [this] case."[1] United States v. Cavera, 550 F.3d at 191.

---

[1] Nasraty's more favorable expectations regarding his sentence were not based on the terms of his plea agreement, in which the government expressly stated that it would neither recommend a particular sentence to the court nor make any representation to Nasraty regarding what his ultimate sentence would be. Moreover, at the plea hearing, Nasraty confirmed that he had never been promised a particular sentence in exchange for his cooperation and guilty plea.

Nasraty's sentence is therefore substantively reasonable.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5